## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSALIND LLOYD, | **Case No.:** |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| ACCELERATED INVENTORY MANAGEMENT LLC, | |
| Defendant. | |

Rosalind Lloyd, the Plaintiff herein, by her attorneys, as and for her complaint against the

Defendant ACCELERATED INVENTORY MANAGEMENT, LLC ("AIM"), alleges as follows:

### NATURE OF ACTION

1. Plaintiff brings claims pursuant to the Fair Debt Collection Practices Act (FDCPA), 15
   U.S.C. §1692 *et seq.*, and New York General Business Law § 349.

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §
   1331.

3. Declaratory relief is available per 28 U.S.C. §§ 2201 and 2202.

4. The Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

5. Venue is proper in this District per 28 U.S.C. § 1391, as the acts, omissions and transactions
   that give rise to this action occurred, in substantial part, in this District.

6. Venue is also proper in this district because Plaintiff lives in this District, Defendant
   conducts business in this District, and the injury occurred in this District.

## PARTIES

7. At all relevant times, Plaintiff Rosalind Lloyd has resided in the State of New York.

8. Plaintiff is a "consumer" as that term is defined in the FDCPA, New York General Business Law § 349, and the rules of New York State Department of Financial Services.

9. Defendant Accelerated Inventory Management, LLC was and is a foreign limited liability company that did transact and does now presently transact business in the State of New York through its registered agent URS Agents, Inc. located at 1 Commerce Plaza, 99 Washington Avenue, Suite 805A, Albany, New York 12210.

10. Upon information and belief, the principal purpose of AIM is the collection of debts using the legal system, instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

11. AIM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

13. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## FACTUAL ALLEGATIONS

14. Plaintiff adopts and realleges the foregoing as fully restated herein.

15. Prior to the commencement of this action, Plaintiff was alleged to have incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

16. Prior to the commencement of this action, Plaintiff did not owe a debt to the Defendant.

17. At no time has Plaintiff owed any debt to Defendant.

18. At no time has Plaintiff had any accounts open with Defendant.

19. At no time has Plaintiff had any personal credit accounts with Defendant.

20. At no time has Plaintiff had any personal business relationship with Defendant.

21. At no time has Defendant been in possession of a signed contract between Plaintiff and any other entity.

22. At no time was Defendant in possession of documents which would have duly conferred upon Defendant the legal standing to collect any debt from Plaintiff.

23. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff owed a debt to Defendant.

24. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

25. Consequently, Defendant began its collection efforts to collect said debt from Plaintiff.

26. Subsequently, on or about August 1, 2019, Defendant AIM via its attorneys Law Office of Steven Cohen LLC, filed an action against the Plaintiff to recover this debt in the Supreme Court of the State of New York, County of New York, entitled Accelerated Inventory Management, LLC v. Rosalind Lloyd, Index No.: 153182/2021 ("Civil Court Action").

27. On or around April 22, 2021, Plaintiff interposed her answer to Defendant's civil court action.  Defendant was served with a copy of said answer.

28. Defendant commenced legal action against the Plaintiff in which its claims against the Plaintiff were materially false.

29. Among the materially false claims was that Defendant bought and was assigned the alleged debt and all rights contained therewith for good and valuable consideration from Lending Club Corporation.

30. Defendant cannot provide proof of the alleged debt or proof that AIM is the current creditor.

31. In responding to Plaintiff's discovery requests in the civil court action, AIM provided a sample agreement, but not the original signed agreement or assignment, or even a copy of the original signed agreement or assignment.

32. Moreover, there is no valid contract between the Plaintiff and Defendant.

33. Defendant claimed that because of its cause of action, it was entitled to receive the sum of $26,993.22 from the Plaintiff.

34. Defendant's assertion that it was owed money from the Plaintiff was a clear mischaracterization of the amount of the alleged debt.

35. Defendant's claims that it has all the rights to collect the account that resulted in the alleged debt and was authorized to proceed with the legal action are misleading. Defendant has mischaracterized the ownership of the alleged debt because there is no valid contract in writing between the Plaintiff and the alleged debt's predecessor or Plaintiff and Defendant.

36. By basing their case against the Plaintiff on numerous materially false statements, Defendants made malicious attempts at collecting this debt from Plaintiff.

37. In light of the facts articulated herein, Defendant utilized false and deceptive means to coerce Plaintiff into the paying debt.

38. In light of the facts articulated herein, Defendant utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying the debt.

39. In light of the facts articulated herein, Defendant attempted to collect a debt by communicating false representations or utilizing deceptive means.

40. In light of the facts articulated herein, Defendant engaged in collection activity, the purpose of which was to harass the Plaintiff.

41. In light of the facts articulated herein, Defendant attempted to collect a debt not authorized or permitted by law.

42. Defendant's activity on these occasions were a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692 e(2), 1692e(10), 1692f and 1692f(1), amongst others.

43. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendants.

## PRACTICES OF THE DEFENDANT

44. It is or was the policy and practice of Defendant to collect or attempt to collect debts by utilizing various deceptive means.

45. It is or was the policy and practice of Defendant to collect or attempt to collect debts not authorized by any agreements.

46. Said practices and policies of Defendant are deceptive representations, which contradicts consumers' rights.

47. That the Defendant intentionally and knowingly and/or carelessly and recklessly collect debts from consumers, for the sole purpose of harassing consumers and coercing payment and collecting debts which they know or should know that the consumers do not owe.

48. Defendant's conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e) and (f) in the representations made by the Defendant are abusive, false,

confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

49. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

50. Defendant's conduct violates GBL § 349(a) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

51. As per NY GBL § 349(a) and as a result of the above violations, Defendant is liable to the Plaintiff for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h) from each and every Defendant herein.

52. Plaintiff was damaged by the Defendant's conduct insomuch as experiencing worries and concerns and significant emotional harm as a result of Defendant's conduct in willfully violating the law. The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional harm.

53. Additionally, as a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's collection attempts of a debt that the Defendant has no standing to collect. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## ALLEGATIONS OF LAW

54. Defendant violated the FDCPA.  Defendants' violations include, but are not limited to the following:  d, e, and f.

    i.  Defendant violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

    ii.  Defendant violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt;

    iii.  Defendant violated 15 U.S.C. § 1692e(2) by making false and misleading representations in connection to the character, amount and legal status of an alleged debt;

    iv.  Defendant violated 15 U.S.C. § 1692e(10) by utilizing false representations or deceptive means to collect an alleged debt;

    v.  Defendant violated 15 U.S.C. § 1692f by utilizing unfair and unconscionable means to attempt to collect an unfair alleged debt;

    vi.  Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating the debt or by law;

55. To the extent that the Defendants attempted to collect a debt from Plaintiff even though Defendants knew or should have known that Plaintiff did not owe the underlying debt and such actions also violated New York State Statutes prohibiting Deceptive Acts and Practices.  *See* New York State Code Article 22-A. § 349.

## CLAIMS FOR RELIEF

**COUNT 1: Violation of § 1692d of the FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person**

56. Plaintiff adopts and realleges the foregoing as fully stated herein.

57. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. *See, 15 U.S.C. § 1692d.*

58. Defendant's violation of §1692d of the FDCPA, include, but are not limited to, making numerous materially false statements to a tribunal in attempt to collect a debt. Moreover, Defendant knew it lacked the standing and grounds to collect on this alleged debt. The consequence of this conduct of the Defendant was the harassment and abuse of the Plaintiff.

59. Defendant's violation of §1692d of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k.*

60. By engaging in conduct with the sole purpose of harassing the Plaintiff into payment of a debt that the Plaintiff did not owe, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

61. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of §1692d of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

62. Defendant's violation of § 1692d of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k(a)(1).*

63. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 2: Violation of § 1692e Of the FDCPA – Any other false, deceptive, or misleading representation or means in connection with the debt collection**

64. Plaintiff adopts and realleges the foregoing as fully stated herein.

65. Section 1692e of the FDCPA prohibits a debt collector from using any other false, deceptive, or misleading representation or means in connection with the debt collection. *See, 15 U.S.C. § 1692e.*

66. Defendant's violation of §1692e of the FDCPA, include, but are not limited to, intentionally making numerous materially false statements to a tribunal in attempt to collect a debt. Moreover, Defendant knew it lacked the standing and grounds to collect on this alleged debt.  Defendant knew that it had no assignment of the alleged debt, but still engaged in activity that were tantamount to false and deceptive representations and false and deceptive means to collect the alleged debt.

67. A representation is "deceptive" under section 1692e if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012).

68. There are multiple judicious interpretations of Defendant's violation of §1692e in this case at bar. Defendant's communications can be construed as the debt being an authentic debt owed by the Plaintiff and Defendant having the legal right to collect it.

69. Defendant's violation of §1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k.*

70. By engaging in false and deceptive means and utilizing false and deceptive representations in order to coerce payment of a debt that the Plaintiff did not owe, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

71. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of §1692e of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

72. Defendant's violation of § 1692e of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k(a)(1).*

73. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 3: Violation of § 1692e(2) Of the FDCPA – False or misleading representations in communications regarding character, amount or legal status of the alleged debt**

74. Plaintiff adopts and realleges the foregoing as fully stated herein.

75. Section 1692e(2) of the FDCPA prohibits a debt collector from misrepresenting the character, amount or legal status of an alleged debt to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.  *See, 15 U.S.C. § 1692e(2).*

76. Defendant's violations of § 1692e(2) of the FDCPA, include, but are not limited to, seeking to collect a debt from the Plaintiff not authorized by an agreement or permitted by law. Defendant purposefully misrepresented and mischaracterized the amount and legality of the alleged debt throughout its collection attempts. Defendant intentionally and negligently represented the alleged debt was a viable account that was to be collected by Defendant and paid to the Defendant. Defendant knew or should have known that there was no contract or agreement creating the debt because Defendant's only alternative after requests for validation was to provide a sample agreement, not even an original signed agreement or a copy of an original signed agreement. Defendant's actions were false representations of the amount of the character, amount and legal status of the alleged debt.

77. Collecting a debt which is not owing falls under misrepresenting the "character, amount, or legal status" of the debt. *See Finnegan v. University of Rochester Medical Center*, 21 F.Supp.2d 223 (W.D.N.Y. 1998).

78. Defendant's violations of § 1692e(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

79. By seeking to collect a debt from Plaintiff not authorized by a contract or law, thus representing to Plaintiff that the alleged debt was a viable account which could be paid and collected, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

80. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

81. Defendant's violations of § 1692e(2) of the FDCPA render it for actual damages, costs, and reasonable attorneys' fees. *See* *15 U.S.C. § 1692k(a)(1).*

82. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 4: Violation of § 1692e(10) Of the FDCPA – Any false representation or deceptive means to collect a debt or obtain information about a consumer**

83. Plaintiff adopts and realleges the foregoing as fully stated herein.

84. Section 1692e(10) of the FDCPA prohibits a debt collector from communicating any false representation or deceptive means to collect a debt. *See, 15 U.S.C. § 1692e(10)*

85. Defendant's violations of §1692e(10) of the FDCPA, include, intentionally making numerous materially false statements to a tribunal in attempt to collect a debt.  Moreover, Defendant knew it lacked the standing and grounds to collect on this alleged debt. Defendant knew that it had no assignment of the alleged debt, but still engaged in activity that were tantamount to false and deceptive means to collect the alleged debt.

86. Defendant's violations of §1692e(10) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

87. By engaging in false and deceptive means in order to coerce payment of a debt that the Plaintiff did not owe, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

88. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

89. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

**COUNT 5: Violation of § 1692f Of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt**

90. Plaintiff adopts and realleges the foregoing as fully stated herein.

91. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. *See, 15 U.S.C. § 1692f.*

92. Defendant's violations of §1692f of the FDCPA, include, but are not limited to, intentionally making numerous materially false statements to a tribunal in attempt to collect a debt. Moreover, Defendant knew it lacked the standing and grounds to collect on this alleged debt Defendant knew that it had no assignment of the alleged debt, but still engaged in its collection activity. Defendant's actions were unfair and unconscionable means to collect the alleged debt.

93. The least sophisticated consumer standard is used to determine whether a practice is unfair or unconscionable. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1200–01 (11th Cir. 2010); cf. *Schweizer v. Trans Union Corp.,* 136 F.3d 233, 237 (2d Cir. 1998).

94. Defendant's violations of §1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k.*

95. By engaging in conduct with that were unfair and unconscionable in order to coerce the Plaintiff to pay a debt that she did not owe, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

96. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

97. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 6: Violation of § 1692f(1) Of the FDCPA – Any collection or attempt to collect any amount not authorized by the agreement creating the debt or permitted by law**

98. Plaintiff adopts and realleges the foregoing as fully stated herein.

99. Section 1692f(1) of the FDCPA prohibits a debt collector from using any unfair means to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.  *See, 15 U.S.C. § 1692f(1).*

100.    Defendant's violations of § 1692f(1) of the FDCPA, include, but are not limited seeking to collect a debt from the Plaintiff not authorized by a contract or permitted by law. Defendant purposefully misrepresented and mischaracterized the amount and legality of the alleged debt throughout its collection attempts. Defendant intentionally and negligently represented the alleged debt was a viable account that was collected by Defendant and paid to the Defendant. Defendant knew or should have known that there was no contract or agreement creating the debt because Defendant had no documentation to show that the Plaintiff owed the debt. The only documentation the Defendant could have provided was a

sample agreement, not even an original signed agreement or a copy of an original signed agreement. Defendant's actions were clearly not permitted by law.

101.     Defendant's violations of § 1692f(1) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

102.     By seeking to collect a debt from Plaintiff not authorized by a contract or law, thus representing to Plaintiff that the alleged debt was a viable account which could be paid and collected, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

103.     As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f(1) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

104.     Defendant's violations of § 1692f(1) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See15 U.S.C. § 1692k(a)(1).*

105.     Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## **COUNT 7: Violations of the New York General Business Law § 349**

106.     Plaintiff adopts and realleges the foregoing as fully stated herein.

107.     Under New York General Business Law §349(a), deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

108.     Defendant's violations of § 349(a) of the NY GBL, include, but are not limited to, intentionally making numerous materially false statements to a tribunal in attempt to collect a debt. Moreover, Defendant knew it lacked the standing and grounds to collect on this alleged debt. Defendant knew that Plaintiff did not owe the debt, but still engaged in activity that were tantamount to false and deceptive representations and false and deceptive means to collect the alleged debt. Defendant's actions were deceptive acts and practices in its course of business.

109.     Defendant's violations of § 349(a) of the NY GBL, include, but are not limited to, seeking to collect a debt from the Plaintiff not authorized by a contract or permitted by law. Defendant purposefully misrepresented and mischaracterized the amount and legality of the alleged debt throughout its collection attempts. Defendant intentionally and negligently represented the alleged debt was a viable account that was collected by Defendant and paid to the Defendant. Defendant knew or should have known that there was no contract or agreement creating the debt because Defendant had no documentation to show that the Plaintiff owed the debt. The only documentation the Defendant could have provided was a sample agreement, not even an original signed agreement or a copy of an original signed agreement. However, Defendant still continued its collection activity, knowing it had no legal right to do so. Defendant's actions were clearly not permitted by law and were false representations of the amount of the character, amount and legal status of the alleged debt. Defendant's actions were deceptive acts and practices in its course of business.

110.     Defendant's violations of § 349(a) of the NY GBL render it liable for statutory damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

111.     Defendant's violations of § 349(a) of the NY GBL has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

112.     As a direct and proximate result of Defendant's conduct committed in violations of § 349(a) of the NY GBL, Plaintiff was damaged in that she, among other things, suffered emotional distress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

113.     Defendant's violations of § 349(a) of the NY GBL render it liable for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

114.     Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## **PRAYER FOR RELIEF**

Plaintiff, Rosalind Lloyd prays that this Court:

a.   Declare that Defendant violated the FDCPA;

b.   For an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against the Defendant and for Plaintiff;

c.   Enter judgment in favor of Plaintiff and against the Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

d.   Declare that the Defendant violated the NY GBL;

e. Enter judgment in favor of Plaintiff and against the Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 349(h) of the NY GBL.

f. Enter judgment enjoining the Defendant from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

g. Grant such further relief as deemed just.

**<u>JURY DEMAND</u>**

Plaintiff, Rosalind Lloyd demands trial by jury.

Dated: March 28, 2022

Respectfully submitted,

**LAW OFFICE OF ABEL L. PIERRE, ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**